FILED17 MAY '11 15:21USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| FRED BEEMAN, an individual, | ) | Civil No. 10-803-JO |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | OPINION AND ORDER |
| | ) | |
| JANET NAPOLITANO, | ) | |
| Secretary of the Department of Homeland | ) | |
| Security of the United States; ET AL., | ) | |
| | ) | |
| Respondents. | ) | |

Baolin Chen
CHEN & MU
1000 S.W. Broadway, Suite 2150
Portland, OR 97205

  Attorney for Petitioner

Sherease R. Pratt
U.S. DEPARTMENT OF JUSTICE
Civil Division, Office of Immigration Litigation
P. O. Box 868, Ben Franklin Station
Washington, D.C. 20044

James E. Cox, Jr.
UNITED STATES ATTORNEY'S OFFICE
District of Oregon
1000 S.W. Third Avenue, Suite 600
Portland, Or 97204

    Attorneys for Respondents

JONES, Judge:

Plaintiff Fred Beeman brings this action for declaratory and injunctive relief against defendants Janet Napolitano, Alejandro Mayorkas, and Daniel Renaud, alleging that they acted arbitrarily, exceeded the statutory authority of the United States Citizenship and Immigration Services ("USCIS"), violated the Administrative Procedures Act ("APA"), and violated his right to due process under the Fifth Amendment of the United States Constitution in denying a I-129F petition he seeks on behalf of his fiancée, Vanessa Navarro Zambrano, a citizen of the Philippines.

The case is before the court on defendants' motion to dismiss (# 13) plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(1), 12(b)(3), and 12(b)(6), and on the parties' cross-motions (## 18, 29) for summary judgment. For the reasons stated, defendants' Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction is granted, and the cross-motions for summary judgment are denied as moot.

## FACTUAL BACKGROUND

The following brief factual background is drawn from plaintiff's Second Amended Complaint ("Complaint").

In August 2008, plaintiff filed a Form 1-129F "Petition for Alien Fiancée," seeking to classify Ms. Zambrano as a citizen in accordance with section 204 of the Immigration and

2 - OPINION AND ORDER

Nationalization Act of 1952 ("INA"), as amended. Complaint, ¶ 7. In his application, plaintiff disclosed his prior criminal history, which consisted of a plea of "Communicating with a Minor for Immoral Purposes," and a conviction of "Attempting to Elude the Police Officer," both misdemeanors. Complaint, ¶ 8.

Time passed, Complaint, ¶¶ 9-16, and in late November 2009, USCIS sent plaintiff a Notice of Intent to Deny ("NOID"). The NOID letter stated that USCIS intended to deny plaintiff's petition because he appeared to commit an offense that rendered him ineligible to act as a petitioner for a family-based visa. Complaint, ¶ 17. In January 2010, plaintiff responded to the NOID, in which he "put forth facts and corresponding exhibits demonstrating that he is not a risk to Ms. Zambrano . . . or any other minor. Among these facts were the conclusions of a psychiatrist who evaluated [plaintiff] that he posed no threat, and other evidence that established his good moral character." Complaint, ¶ 18.

Again, time passed. Complaint, ¶¶ 19-22. In July 2010, plaintiff filed a writ of mandamus in this court seeking an order compelling USCIS to make a decision concerning his petition. Complaint, ¶ 23. Finally, by letter dated August 17, 2010, and again in a revised letter dated September 13, 2010, USCIS issued a decision denying plaintiff's petition because he had been convicted of a "specified offense against a minor," specifically, "Communication with a Minor for Immoral Purposes." Complaint, ¶¶ 25 and 26.

## STANDARDS

The party asserting federal subject matter jurisdiction bears the burden of proving its existence. Chandler v. State Farm Mut. Auto. Ins. Co., 598 f.3d 1115, 1122 (9th Cir. 2010); see Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Dismissal for lack of

subject matter jurisdiction is appropriate if the complaint, considered in its entirety, fails to allege facts sufficient to establish subject matter jurisdiction. In re Dynamic Random Access Memory (DRAM) Antitrust Litigation, 546 F.3d 981, 984-85 (9th Cir. 2008). The court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the plaintiff. See U.S. v. One 1997 Mercedes E420, 175 F.3d 1129, 1130 n.1 (9th Cir. 1999).

## DISCUSSION

The resolution of this case turns on whether this court lacks subject matter jurisdiction over plaintiffs's claims, as defendants assert. Because I agree with defendants that I lack subject matter jurisdiction, I do not reach their alternative motions to dismiss, nor do I reach the parties' cross-motions for summary judgment.

This action arises under section 204 of the Immigration and Nationality Act ("INA"), as amended by Title IV of the Adam Walsh Child Protection and Safety Act of 2006. 8 U.S.C. § 1154(a)(1)(A)(viii). Section 204 bars sex offenders from having a family-based visa petition granted, unless the Secretary of Homeland Security[1] determines in its "sole and unreviewable discretion" that the sex offender "poses no risk" to the intended beneficiary. Id. As relevant, section 204 provides:

> (1)(A)(I) Except as provided in clause (viii), any citizen of the United States claiming that an alien is entitled to classification by reason of a relationship . . . may file a petition with the Attorney General for such classification.
>
> * * *
>
> (viii)(1) Clause (I) shall not apply to a citizen of the United states who has been convicted of a specified offense against a minor, unless the Secretary of

---

[1] Pursuant to 8 C.F.R. part 103.1, the Secretary has delegated this authority to the USCIS.

4 - OPINION AND ORDER

>     Homeland Security, in the Secretary's <u>sole and unreviewable discretion,</u> determines that the citizen poses no risk to the alien with respect to whom a petition described in clause (I) is filed.

8 U.S.C. § 1154(a)(1)(A)(I) and (viii) (emphasis added).

On February 8, 2007, the Associate Director of USCIS issued guidance on its implementation of the above statute, including adjudication of I-129F petitions under the Adam Walsh Act. <u>See</u> Interoffice Memorandum from Michael Aytes, <u>Guidance for Adjudication of Family-Based Petitions and I-129F Petition for Alien Fiancé(e) under the Adam Walsh Child Protection and Safety Act of 2006</u> ("Aytes Memo").[2] The Aytes Memo explains the procedures by which an adjudicator is to determine whether a petitioner has been convicted of a specified offense against a minor, and whether the petitioner poses no risk to the beneficiary. In cases where none of the intended beneficiaries is a child, the USCIS adjudicators are directed to "closely examine the petitioner's specified offense and other past criminal acts to determine whether the petitioner poses any risk to the safety or well-being of the adult beneficiary." Certified Administrative Record ("CAR"), at 396. "[T]he burden is upon the petitioner to prove, beyond any reasonable doubt, that he or she poses no risk to the intended adult beneficiary." <u>Id.</u>

In this case, the USCIS denied plaintiff's I-129F petition because it determined (1) that plaintiff had been convicted of a "specified offense against a minor" and (2) that the evidence he submitted in support of the petition did not demonstrate, beyond any reasonable doubt, that plaintiff posed no threat to Ms. Zambrano.

---

[2] The Aytes Memo is part of the Certified Administrative Record ("CAR") filed in this case, and is accessible on the USCIS website at http://www.uscis.gov.

5 - OPINION AND ORDER

Plaintiff attacks the USCIS determination on multiple grounds, contending, among other things, that the USCIS acted arbitrarily and capriciously in denying his petition, and that the USCIS interpretation of the Adam Walsh Act to apply to adult beneficiaries exceeds its statutory authority and violates his rights to due process and equal protection under the Fifth Amendment. See generally Complaint.

Defendants move to dismiss, arguing that this court lacks subject matter jurisdiction over plaintiff's claims under 8 U.S.C. § 1252(a)(2)(B)(ii). That statute, which Congress added to the immigration code in 1996 as part of the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, replaced an affirmative grant of jurisdiction under former 8 U.S.C. § 1105a and stripped federal courts of jurisdiction to review certain INS decisions. The statute states, in relevant part:

**(B)  Denials of Discretionary Relief**

Notwithstanding any other provision of law (statutory or nonstatutory), . . . and regardless of whether the judgment, decision, or action is made in removal proceedings, no court shall have jurisdiction to review –

\* \* \*

(ii)    any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security, other than the granting of relief under section 1158(a) of this title.

8 U.S.C. § 1252(a)(2)(B)(ii) (emphasis added).

Plaintiff relies on Spencer Enterprises, Inc. v. U.S., 345 F.3d 683 (9th Cir. 2003), for the proposition that the Ninth Circuit has "greatly narrowed the [jurisdiction stripping] scope of section [1252](a)(2)(B)(ii)," Plaintiff's Response, p. 9, but the language to which plaintiff refers

6 - OPINION AND ORDER

only underscores the validity of defendants' argument. In Spencer, the Ninth Circuit acknowledged that section 1252(a)(2)(B)(ii) withdraws jurisdiction "wherever discretionary authority is 'specified' by statute," 345 F.3d at 691: "if the statute specifies that the decision is wholly discretionary, regulations or agency practice will not make the decision reviewable." Id. The statute at issue here could not be more specific or direct: The decision whether to grant a petition to a person convicted of a specific offense against a minor is in the "sole and unreviewable discretion" of the Secretary of Homeland Security, as delegated to the USCIS. 8 U.S.C. § (a)((1)(A)(viii).[3]

Plaintiff also relies on 8 U.S.C. § 1252(a)(2)(D) to argue that because his Complaint raises constitutional issues and questions of law, this court retains subject matter jurisdiction. Plaintiff's Response, p. 9. Section 1252(a)(2)(D) provides:

> **(D)  Judicial review of certain legal claims**
>
> Nothing in subparagraph (B) or (C) or in any other provision of this chapter (other than this section ) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law <u>raised upon a petition for review filed with an appropriate court of appeals in accordance with this section.</u>

8 U.S.C. § 1252((a)(2)(D) (emphasis added). That statute is not relevant here, because plaintiff has not filed a "petition for review" with "an appropriate court of appeals . . . ." Id.; see also 8 U.S.C. § 1252(a)(5) ("Exclusive means of review").

---

[3]   In Spencer, the court acknowledged disagreement among the circuits as to the applicability of section 152(a)(2)(B)(ii) outside the context of removal proceedings, but did not reach that question. Spencer and the cases it cites predate the 2006 Adam Walsh Act, and do not inform the question of applicability of the statute to the circumstances presented here.

7 - OPINION AND ORDER

In summary, I agree with defendants that this court lacks subject matter jurisdiction over plaintiff's claims, and therefore GRANT defendants' motion (# 13) to dismiss under Rule 12(b)(1).

## CONCLUSION

Defendants' Motion to Dismiss (# 13) is GRANTED under Rule 12(b)(1) for lack of subject matter jurisdiction. The remainder of defendants' motion to dismiss, the cross-motions (## 18, 29) for summary judgment, and any other pending motions are denied as moot, and this action is dismissed with prejudice.

DATED this 17th day of May, 2011.

ROBERT E. JONES
U.S. District Judge